**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Osvaldo G.D.,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

No. 26-cv-04070 (KMM/DJF)

**ORDER**

---

On November 18, 2026, the Court granted in part Osvaldo G.D.'s ("Mr. G.D." or "Petitioner") Verified Petition for Writ of Habeas Corpus. (Dkt. 13.) The Court concluded that Petitioner's ongoing detention without an individualized bond hearing violates his due process rights and that Respondents must provide Petitioner with a hearing. (*Id.* at 24.) Shortly thereafter, Respondents provided notice that Petitioner's bond hearing had been scheduled for November 25, 2026. (Dkt. 15 at 1.) Now, Mr. G.D. has filed an Emergency Motion to Hold Bond-Hearing Directive in Abeyance Pending Rule 59(e) Motion (Dkt. 16) and a Rule 59(e) Motion to Alter or Amend Judgment (Dkt. 17). The Court denies both motions.

Federal Rule of Civil Procedure 59(e) governs when a party may file a motion to alter the judgement. "Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Wagstaff & Cartmell, LLP v.*

*Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) (quoting *Cont'l Indem. Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021). "[G]ranting permission to file a motion to reconsider is appropriate when necessary to afford a party 'an opportunity for relief in extraordinary circumstances.'" *United States v. Mustafa*, No. 14-cr-261(5) (JRT/BRT), 2021 WL 925561, at *1 (D. Minn. Mar. 5, 2021) (quoting *Shukh v. Seagate Tech., LLC*, No. 10-cv-404 (JRT/JJK), 2011 WL 2880726, at *1 (D. Minn. July 18, 2011)).

The Court has carefully reviewed the arguments and context put forward by Mr. G.D. in his Rule 59(e) Motion and acknowledges that the motion does provide additional context for Mr. G.D.'s circumstances. However, such information, presented in a post-judgment motion, cannot change the outcome. These arguments were not before the Court in either Mr. G.D.'s original Petition (Dkt. 1) or Reply (Dkt. 7); nor do they constitute newly discovered evidence. "'A motion for reconsideration is not a vehicle to identify facts...that could have been, but were not, raised at the time the relevant motion was pending,' and a movant may not 'introduce evidence that the movant could have produced before the district court decided the prior motion.'" *AssuredPartners, LLC v. Edgewood Partners Ins. Ctr., Inc.*, No. 4:24-cv-01711 SEP, 2025 WL 1369964, at *3 (E.D. Mo. May 12, 2025) (quoting *Perry v. City of St. Louis*, No. 4:17-cv-981 RLW, 2021 WL 5881763, at *1 (E.D. Mo. Dec. 13, 2021)). Additionally, Mr. G.D. identifies no manifest mistakes of law made by this Court in its previous order.

For these reasons, the Rule 59(e) Motion is **DENIED** and Mr. G.D.'s Motion to Hold Bond-Hearing Directive in Abeyance is **DENIED** as well.

Date: November 23, 2026 *s/Katherine M. Menendez*

Katherine M. Menendez
United States District Judge